UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 07-21-B-W |
| | ) | |
| PAMELA KAICHEN | ) | |

**ORDER**

The defendant has moved this Court pursuant to 18 U.S.C. § 4241(a) for a hearing to determine the defendant's competency.  The defendant has moved, pursuant to 18 U.S.C. § 4241, that the Court order that a psychiatric or psychological examination be conducted and that a report be filed pursuant the provisions of 18 U.S.C. §§ 4247(b) and (c).  Pursuant to 18 U.S.C. §§ 4241, 4247(b) and (c):

**IT IS ORDERED THAT:**

1.  The defendant is committed to the custody of the Attorney General for a period not to exceed thirty (30) days for placement in a suitable facility.  This 30 day period begins to run when the defendant arrives at the suitable facility. Unless impractical, a psychiatric or psychological examination shall be conducted in a suitable facility closest to the Court.  The director of the facility may apply for a reasonable extension, but not to exceed fifteen (15) days, upon showing of good cause that the additional time is necessary to observe and evaluate the defendant.

2.  The defendant shall submit to a psychiatric or psychological examination by a licensed or certified psychiatrist or psychologist who is designated an examiner under the provisions of Title 18, United States Code, Section 4247(b).

3.  The psychiatric or psychological report ordered shall be prepared by the examiner designated to conduct the psychiatric or psychological examination and shall be filed with the Court with copies provided to counsel for the defendant and to the attorney for the government, and shall include:

    (a)    the person's history and present symptoms;

    (b)    a description of the psychiatric, psychological and medical tests employed and their results;

    (c)    the examiner's findings; and

    (d)    the examiner's opinions as to diagnosis, prognosis, and--

    (i)  whether the person is suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

4.  The defendant, through her lawyer, Virginia Villa, Esq., shall forward copies of any and all available hospital, medical, psychological and psychiatric reports to U.S. Probation Officer Brian Eggert, District of Maine.  Probation Eggert shall, upon receipt of those materials, immediately forward the materials to the director of the facility at which the examination is to be conducted.  The defendant shall execute all consent forms and medical release forms necessary for the records to be obtained including releases for all juvenile court records.  The government, through the U.S. Attorney and the U.S. Probation Office, shall submit to the director of the facility copies of available pre-trial services and pre-sentence reports along with applicable case-related discovery materials and reports of previous psychiatric and psychological reports.

5.  A copy of this Order shall be given to the United States Marshal and the Marshal shall make arrangements as are necessary for the examination of the defendant.

6. Upon the completion of the defendant's examination at the designated suitable facility, the director of the facility shall notify the Court, in writing, of the completion of the examination.

7. If the defendant is examined outside the District of Maine, upon the defendant's return to the District of Maine from the facility, the U.S. Marshal shall immediately notify the Court of that fact.

8. The period of commitment necessary to transport the defendant to a suitable facility and evaluate the defendant shall be excluded in computing the time within which the trial of any such offense must commence, pursuant to Title 18, United States Code, Section 3161(h)(1)(A).

9. In accordance with Federal Rule of Criminal Procedure 12.2(c)(4) "[n]o statement made by the defendant in the course of any examination conducted under this rule (whether conducted with or without the defendant's consent), no testimony by the expert based on the statement, and no other fruits of the statement may be admitted into evidence against the defendant in any criminal proceeding except on an issue regarding mental condition on which the defendant: (A) has introduced evidence of incompetency or evidence requiring notice under Rule 12.2(a) or (b)(1), or (B) has introduced expert evidence in a capital sentencing proceeding requiring notice under Rule 12.2(b)(2)."

SO ORDERED at Bangor, Maine this 3rd day of December 2007

/s/ MARGARET J. KRAVCHUK
UNITED STATES MAGISTRATE JUDGE